IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISON

DOCRX, INC.,                          *
                                      *
    Plaintiff,                        *
                                      *
vs.                                   *
                                      *   CIVIL ACTION NO. 14-00486-KD-B
INFORMD, LLC, *et al*.,               *
                                      *
    Defendants.                       *
                                      *

**REPORT AND RECOMMENDATION**

This case is before the Court on Defendants' Motion to Dismiss or, Alternatively, Motion to Stay Proceedings (Doc. 12). Defendants' motion has been fully briefed and has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). For the reasons set forth below, the undersigned **RECOMMENDS** that the Defendants' Motion be **DENIED** to the extent Defendants seek the dismissal of this action.

I.   **Background**

Plaintiff, DocRX, is described as a pharmaceutical dispensing company that provides "point of care pharmaceutical dispensing" software to physicians and medical groups and clinics.[1] In 2010, DocRX filed suit in this Court against Dox Consulting, LLC and a number of individuals. See DocRX, Inc. Dox. Consulting, LLC, *et al*., Case No. 10-00364-C (S.D. Ala 2010). DocRX alleged that that the individual defendants used

---

[1] See DocRX, Inc. v. Dox Consulting, LLC et al , Case No. 10-0364-C. (Doc. 14).

1

confidential information acquired while in a business relationship with DocRX to attempt to take current and potential clients away from DocRX.  They also alleged that the individual defendants made false and defamatory statements about DocRX to current and potential clients.  See Case No. 10-0364-C (Doc. 1). On November 30, 2011, the parties notified the Court that a *pro tanto* settlement had been reached between DocRX and individual Defendants Mickey Guidry, Jesse Daigle, Scott Rey, Rick Massengale, Stacy Patin, and Garrett Hebert (hereinafter "2011 Settlement Agreement"), and as a result, the Court entered an order dismissing with prejudice DocRX's claims against the above-referenced defendants.[2] (Id. at Docs. 86, 88).

On August 14, 2013, InforMD filed a complaint in the Middle District of Louisiana against DocRX, Inc. and Brian Ward alleging violations of the Louisiana Unfair Trade Practices Act. See InformMD, LLC v. Doc RX, Inc., *et al.*, Case No. 13-533-JJB-SCR (M.D. La. 2013). (Doc. 12-2).  InformMD asserted claims for breach of contract, specific performance, and sought injunctive relief and declaratory judgment based on the 2011 Settlement Agreement that was entered in Case No. 10-00364-C. (Id.).  In January 2014, InforMD filed a Notice of Voluntary Dismissal without prejudice and indicated to the Court that an agreement

---

[2] The case was stayed as to Defendant Dox Consulting, LLC after it filed a Notice of Bankruptcy, and summary judgment was entered in favor of Defendants Matthew Herfield and Josh Booty. Case No. 10-00364-C (Docs. 89, 154).

had been reached.   As a result, the Louisiana action was dismissed. (Doc. 12)

On October 20, 2014, DocRX filed the instant action in this Court against Defendants InforMD, LLC, IITWI, LLC, Jesse Daigle, Rick Massengale, Scott Ray, Garrett Hebert, Mickey Guidry and Stacy Patin.[3] (Doc. 1).   DocRX asserts a claim for breach of the 2011 Settlement Agreement, and contends that it has completely fulfilled its obligations under the 2011 Settlement Agreement, and that the Defendants have failed to do so. (Id.)

Pending before the Court is Defendants' Motion to Dismiss or in the Alternative, Stay the Proceeding. (Doc. 12). Defendants initially argued that this case should be dismissed, or at least stayed, because they had petitioned the Louisiana Court to reopen the related action, namely InformMD, LLC v. Doc RX, Inc., *et al.*, Case No. 13-533-JJB-SCR, and that litigating both cases would require the parties to "engage in overlapping discovery, would potentially require separate courts to consider duplicative pretrial motions, and would potentially require the parties to comply with inconsistent discovery requirements and/or schedules." (Id. at 2-3).   DocRX filed a response opposing Defendant's motion, and argued that the motion should

---

[3] Per the Complaint, DocRX has its principal place of business in Alabama, InforMD and IITWI have their principal place of business in Louisiana, and the individual defendants, except one, are citizens of Louisiana (Defendant Scott Ray is a citizen of Florida). (Doc. 1 at 1-2).

be denied as premature because the motion to reinstate has not been ruled on; thus, there were not two pending actions.  DocRX also argued that in any event, the two cases are not duplicative, and that Defendants should not be permitted to forum shop. (Doc. 14).

Subsequent thereto, Defendants filed a supplement notifying this Court that the Louisiana Court had granted their request to vacate the voluntary dismissal, and had reopened the action.[4] (Doc. 17).  In their supplement filed with this Court, Defendants assert that "[t]he parties and relief sought in both cases substantially overlap and the allegations in the 2013 Louisiana Litigation are identical to certain claims made in the captioned case with respect to the core issues." (Id. at 2). Accordingly, Defendants request the dismissal of this action as duplicative.  (Id.).

---

[4] In reopening the case, the Louisiana Court determined that at the heart of the parties' dispute in the Louisiana action is the issue of whether DocRX and Brian Ward have violated the 2011 Settlement Agreement that was reached in the Alabama litigation, and that while there was a voluntary dismissal of the original Louisiana action in 2014, based on InformMd's belief that a new settlement agreement had been reached, "no compromise or settlement was actually reached between the parties." (Doc. 17 at 5-10).  The Court further determined that because it appeared that InformMd's voluntary dismissal of the Louisiana action had been based on its mistaken belief that a settlement had been reached, relief under Fed. R. Civ. P. 60(b)(1) was appropriate. Consequently, the Louisiana action was reinstated on March 16, 2015 and remains pending. (Id.).

DocRX filed a response in opposition to Defendants' supplement, and argue that dismissal is not appropriate because this case and the Louisiana case are not substantially similar as they involve different parties. (Doc. 18).  DocRX notes that Brian Ward has been individually sued along with DocRX in the Louisiana case; however, he is not a party to this action. Thus, resolution of the claims in this case will not resolve Mr. Ward's personal liability as alleged in the Louisiana litigation. (Id.).  DocRX also points out the fact that the individual defendants in this case are not parties to the Louisiana litigation; thus, the issue of their individual liability would not be addressed in the Louisiana litigation. (Id.).  Additionally, DocRX argues that dismissal at this stage of the litigation would be premature because no responsive pleadings, such as answers or counterclaims have been filed; thus, the full scope of this action is not yet clear. (Id.).

## II.  ANALYSIS

### A. The First-Filed Rule

"'There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.'" White v. Microsoft Corp., 2006 U.S. Dist. LEXIS 77010, at *7 (S.D. Ala. Apr. 3, 2006)(unpublished)(quoting Pacesetter Systems, Inc. v.

Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982)).  Under the "first-filed rule," "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) (citation omitted); Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999)("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap").  However, the first-filed rule is not "meant to be rigid, mechanical, or inflexible, but is to be applied in a manner that best serves the interests of justice." Barnett v. Alabama, 171 F. Supp. 2d 1292, 1296 (S.D. Ala. 2001)(citing  EEOC v. Univ. of Pa., 850 F.2d 969, 972 (3d Cir. 1988)).   Further, "[d]istrict courts have the discretion to dispense with the first-to-file rule where equity so demands". Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc., 16 F. App'x 433, 437 (6th Cir. 2001).

In the exercise of its discretion, a court may give priority to a later-filed action, notwithstanding the first-filed rule, where the balance of convenience tips in favor of the second forum or special circumstances are otherwise present. Lockheed Martin Corp. v. L-3 Communs. Corp., 405 F. Supp. 2d

6

1381, 1383 (N.D. Ga. 2005); Barnett, 171 F. Supp. 2d at 1296.

("Although the forum where an action is first filed typically is given priority over subsequent actions, it is appropriate to depart from this general maxim when there is a showing of balance of convenience in favor of the second forum or there are special circumstances which justify giving priority to the second action."); Manuel, 430 F.3d at 1135; see also Merrill Lynch, Pierce, Fenner & Smith, Inc., v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982) ("In [the] absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case.").

The rule is designed "to prevent interference between coordinate federal courts, to avert duplicative litigation, and to minimize the risk of inconsistent results." Microsoft Corp., 2006 U.S. Dist. LEXIS 77010, at *8 n.6; West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, South Atlantic and Gulf Coast Dist. of ILA, AFL-CIO, 751 F.2d 721, 728-29 (5th Cir. 1985)("As between federal district courts . . . [t]he concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.")(citation omitted).

"Case authorities are legion for the proposition that the first-filed court, and not the second-filed court, should make

the determination of whether to apply the first-filed rule.
Microsoft Corp., 2006 U.S. Dist. LEXIS 77010, at *12; See also
Valpak Direct Marketing Systems, Inc. v. Cincinnati, Inc., 2005
U.S. Dist. LEXIS 43834 (M.D. Fla. Sept. 30,
2005)(unpublished)(concluding that Southern District of Ohio,
where first-filed action was submitted, is the proper court to
determine whether first-filed rule should apply and whether §
1404(a) transfer is appropriate); Kate Aspen, Inc. v.
Fashioncraft-Excello, Inc., 370 F. Supp. 2d 1333, 1338 (N.D. Ga.
2005)("[T]he 'first-filed' rule generally requires the first
court to decide whether the first-filed rule should apply," or
whether compelling circumstances justify transferring first-
filed case to the second court for consolidation.).  Thus, once
the Court determines that a likelihood of substantial overlap
exists between the two suits, it is no longer up to the second-
filed court to resolve the question of whether both should be
allowed to proceed. Cadle, 174 F.3d at 606; Mann Mfg., Inc., v.
Hortex, Inc., 439 F.2d 403, 408 (5th Cir. 1971).

**B. Application of the First-Filed Rule**

DocRX argues that there is no substantial overlap because
the parties in the two cases differ significantly.[5]  According

---

[5] In support of this contention, Plaintiff points to the
Eleventh Circuit's decision in I.A. Durbin, Inc. v. Jefferson
Nat'l Bank, 793 F.2d 1541 (11th Cir. 1986).  In I.A. Durbin, the
appellants appealed the dismissal of their § 1983 action, which
was dismissed by the trial court on a couple of grounds,

to DocRX, in the Louisiana action, the Plaintiff is InforMD and the Defendants are DocRX and Brian Ward whereas in this action, DocRX is the Plaintiff and the Defendants are InforMD, IITWI, Jesse Daigle, Rick Massengale, Scott Ray, Garrett Hebert, Mickey Guidry, and Stacy Patin.   Based upon the record before the Court, the undersigned finds that contrary to DocRX's contentions, there is clear substantial overlap between this case and the Louisiana lawsuit.   The first-filed rule does not require "[t]he parties and issues [to] be identical." United States v. 22.58 Acres of Land, 2010 U.S. Dist. LEXIS 9014, at *14, 2010 WL 431254 (M.D. Ala. Feb. 3, 2010)(unpublished)(citation omitted).   Instead, "the crucial inquiry is whether the parties and issues *substantially overlap*." Id. (emphasis added); see SunSouth Bank v. Nashyork,

---

including that it was duplicative of a foreclosure action pending in bankruptcy court. Id. at 1544.   The appellate court reversed the dismissal and ruled that dismissal was improper and that the foreclosure action and the § 1983 action were not duplicative actions because the parties and the issues were substantially different. Id. at 1551-53. However, the court specifically noted that on remand, the district court was not precluded from determining that the two cases should be consolidated. Id. at 1552 n.13.   In I.A. Durbin, the parties in the foreclosure action were the Bank and the borrowers whereas in the 1893 action, the parties included not only the Bank and the borrowers, but also a Deputy, the Bank's Vice President, the locksmith who removed the defendants' property, the Bank's law firm, and the attorneys who were alleged to have been involved in the replevin of the defendants' household belongings. Id. at 1552.   Unlike I.A. Durbin, the parties in the action are substantially the  same and all of the claims have their origin in the 2011 Settlement Agreement.

LLC,   2013   U.S.   Dist.   LEXIS   17896   (M.D.   Ala   Feb.   11, 2013)(unpublished)(finding   that   there   was   substantial   overlap between   the   cases,   because   although   the   parties   in   both   cases were   different,   they   all   stood   in   relation   to   the   plaintiff   bank in   some   way);   see also   Mfrs. Hanover Trust Co. v. Palmer Corp., 798 F. Supp. 161, 167 (S.D.N.Y. 1992) ("The   interests   of   justice require   that   the   cases   be   related,   not   identical.").

In   this   case,   there   can   be   no   question   that   there   is substantial   overlap   between   the   parties   and   issues   in   the Louisiana   action   and   this   action.   In   each   case,   the   parties include   DocRX,   InforMD,   and   individuals   who   are   currently   or were   formerly   involved   with   the   companies   or   their   predecessors, and   were   participants   in   the   2011   Settlement   Agreement.   (Docs. 12 at 3, 16 at 4 n.2).   Moreover,   both   cases   focus   on   the   2011 Settlement   Agreement,   the   rights   and   responsibilities   of   the parties   under   the   Agreement,   and   whether   there   has   been   a   breach of   the   Agreement.   While   DocRX   argues   that   the   cases   are distinguishable   because   the   Louisiana   action   involves   a   claim for   violations   of   the   Louisiana   Unfair   Trade   Practices   Act, whereas   this   case   does   not,   the   legal   standard   is   not   whether the   cases   are   "distinguishable"   or   whether   the   issues   differ   at all,   but   whether   there   is   ***substantial overlap*** between   the   two cases.   The   bottom   line   is   that   the   claims   in   both   cases   arose out   of   the   same   transaction   and   resolution   of   each   case   will

turn on the same operative facts.  Without question, there will be a substantial overlap between the claims and defenses asserted and the evidence and witnesses involved in the cases. Further, the relief provided in both cases will be decided by determining the rights and responsibilities of the parties with respect to the 2011 Settlement Agreement.  Accordingly, the undersigned finds that there is substantial overlap between the parties and claims in this case and the Louisiana action.

The record reflects that the Louisiana action was filed in 2013, and was later voluntarily dismissed, that this action was filed in October 2014, and that the Louisiana action was recently reinstated in March 2015.  Neither DocRX nor any other party has argued that under these circumstances, the Louisiana action is not the first filed action.  Nor has any party presented any facts that  suggest that it would be inappropriate to submit the "first-filed rule" issue to the Louisiana Court. Further, there is no contention that the parties are not capable of presenting this issue to the Court in the Louisiana action, or that that Court is not capable of deciding this issue.

As noted *supra*, in Defendants' motion before the Court, they initially requested that this case be dismissed as duplicative of the Louisiana action, or in the alternative, that this action be stayed until the Louisiana court decided whether to reinstate the Louisiana action.  Since the Louisiana action

11

has been reinstated, Defendants are now seeking dismissal of this action, while DocRX argues that the cases are not duplicative. "District courts are not obligated to dismiss second-filed actions, but instead may select from an array of options once the first-filed rule is found to apply. Microsoft Corp., 2006 U.S. Dist. LEXIS 77010, at *15. Indeed, in Microsoft Corp., the Court noted that "several courts have opined that a stay of the second-filed action is a preferred remedy, especially where there is a reasonable possibility of prejudice or dismissal of the first-filed action." Id. at *16 (citations omitted); See also Martin v. Akers Bioscience, Inc., 2014 U.S. Dist. LEXIS 174158 (M.D. Fla. Dec. 17, 2014)(unpublished)(Upon finding that there was a likelihood of substantial overlap between two pending federal cases, the second-filed Florida court stayed the action while the first-filed New York court decided whether (1) the Florida action should be allowed to proceed, or whether it should be consolidated with the New York action, and (2) whether the Florida court or the New York court was the appropriate venue to resolve this dispute; Kate Aspen, Inc., 370 F. Supp. 2d at 1338-39 (staying action pending decision of the U.S. District Court for the Southern District of New York's determination as to whether or not the "first filed rule" should apply to the case

[pending before the court in Florida] and to the related litigation in the Southern District of New York).

Based upon the above-referenced authorities, the undersigned finds that a stay rather than dismissal is the appropriate remedy because a dismissal of this action would not serve the objectives of judicial economy, efficiency, comity and avoidance of duplication to a materially greater extent than a stay of these proceedings. Microsoft Corp., 2006 U.S. Dist. LEXIS 77010, at *18. Indeed, staying this action will allow the Louisiana court to decide whether the first-filed rule should be applied to this case, and whether this action should be allowed to proceed or consolidated with the substantially similar case that is pending in Louisiana. Accordingly, the undersigned recommends that:

1) Defendants' Motion to Dismiss be **Denied**;

2) Defendants be directed to file a motion in the Louisiana action for application of the first-filed rule to this action;

3) This action be **Stayed** pending a decision by the Louisiana Court on the forthcoming motion; and

4) the parties be directed to jointly file monthly status reports which reflect the progress of the motion.

**IV.   CONCLUSION**

For the reasons stated herein, the undersigned RECOMMENDS that Defendants' motion seeking dismissal be **DENIED**, and that this action be **STAYED**.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011)(emphasis in original).  In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this **13th** day of **April, 2015.**

_____**/s/ SONJA F. BIVINS**_____
**UNITED STATES MAGISTRATE JUDGE**